UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN and KEITH KRONEMAN,    )
                             )
                Plaintiffs,  )   NO. C14-1223Z
                             )
        v.                   )
                             )   COURT'S JURY INSTRUCTIONS
COUNTRY MUTUAL INSURANCE     )
COMPANY,                     )
                             )
                Defendant.   )
_____    )

DATED this 28th day of October, 2015.

_____
Thomas S. Zilly
United States District Judge

INSTRUCTION NO. 1

<u>Duty of Jury</u>


Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, <u>i.e.</u>, what the plaintiff must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or anything I might have said or done any suggestion as to what verdict you should return. That is a matter entirely for you to decide.

INSTRUCTION NO. 2

<u>Burden of Proof</u>


When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. In determining whether any fact in issue has been proved by a preponderance of the evidence, you should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 3

<u>Evidence</u>

     The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

     You have also heard testimony in the form of depositions. This testimony is also evidence from which you are to decide the facts. You should draw no inference from whether these individuals were or were not physically present in court themselves.

INSTRUCTION NO. 4

<u>Stipulated Facts</u>


    During trial, the parties stipulated to certain facts.   You should consider those facts in addition to other facts which were proved to you at trial.

INSTRUCTION NO. 5

<u>What is Not Evidence</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence.   Certain things are not evidence and you may not consider them in deciding what the facts are.   I will list them for you:

1.   Arguments and statements by lawyers are not evidence.   The lawyers are not witnesses.   What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.   If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Objections by lawyers are not evidence.   Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.   You should not be influenced by the objection or by the court's ruling on it.

3.   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.   In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.   Anything you may have seen or heard when the court was not in session is not evidence.   You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 5A

Limiting Instruction

You have heard evidence that a siding issue arose during the adjustment of the plaintiffs' insurance claim.   I instruct you that this evidence was admitted only for the limited purpose of explaining the circumstances regarding the repair.   You should not draw any adverse inference from this evidence or the opinions that were formed by the parties or their representatives regarding this issue.

INSTRUCTION NO. 6

<u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial.   Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.   The law makes no distinction between the weight to be given to either direct or circumstantial evidence.   It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 7

<u>Credibility of Witnesses</u>

In deciding the facts in this case, you might have to decide which testimony to believe and which testimony not to believe.   You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things about which the witness testified;

2.     the witness's memory;

3.     the witness's manner while testifying;

4.     the witness's interest in the outcome of the case and any bias or prejudice;

5.     whether other evidence contradicted the witness's testimony;

6.     the reasonableness of the witness's testimony in light of all the evidence; and

7.     any other factors that bear on believability.

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses who testify.

INSTRUCTION NO. 8

Opinion Evidence

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.   You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 9

<u>Liability of Corporations</u>

Under the law, a corporation is a person, but it can only act through its employees, agents, directors, or officers.   The law therefore holds a corporation responsible for the acts of its employees, agents, directors, and officers, if but only if those acts are authorized.   An act is authorized if it is a part of the ordinary course of employment of the person doing it.

The fact that a defendant is a corporation should not affect your decision.   All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.

INSTRUCTION NO. 10

<u>Summary of Claims</u>

Plaintiffs bring this lawsuit against defendant Country Mutual Insurance Company to recover damages allegedly sustained as a result of the September 2012 fire at their home and the subsequent dispute concerning insurance coverage. Plaintiffs assert three claims: (1) breach of contract; (2) the insurer's failure to act in good faith; and (3) violation of Washington's Consumer Protection Act ("CPA"). Plaintiffs allege that defendant breached the insurance contract by refusing to pay the expenses of an industrial hygienist and by delaying and/or refusing to pay for damage to six items of personal property. Plaintiffs further allege that these breaches of the insurance contract, along with alleged threats to terminate additional living expenses, attempts to underpay or "low ball" the structure claim, and discrimination on the basis of retaining the services of a public adjuster, constitute bad faith and violations of Washington's Consumer Protection Act. Plaintiffs also allege other violations of the CPA. Defendant denies that it breached the insurance contract, acted in bad faith, or violated the CPA, and further denies the nature and extent of plaintiffs' claimed damages.

The foregoing is merely a summary of the claims and defenses of the parties. You are not to take the same as proof of the matter claimed unless admitted by the opposing party, and you are to consider only those matters that are admitted or established by the evidence. These claims and defenses have been outlined solely to aid you in understanding the issues.

Plaintiffs are asserting more than one claim, and each claim is entitled to your separate consideration.   You must decide as to each claim whether plaintiffs are entitled to recover. The fact that plaintiffs are entitled to recover on one claim does not mean that plaintiffs are entitled to recover on another claim.   Similarly, the fact that plaintiffs are not entitled to recover on one claim does not prevent them from recovering on another claim.

Unless otherwise stated, the instructions apply to all parties.

INSTRUCTION NO. 11

First Claim – Breach of Contract

A contract is a legally enforceable promise or set of promises. The failure to perform fully a contractual duty when it is due is a breach of contract. To establish their first claim for breach of contract, plaintiffs must prove by a preponderance of the evidence each of the following elements:

1. That defendant Country Mutual Insurance Company entered into a contract with plaintiffs Karen and Keith Kroneman;

2. That defendant breached the contract in one or more of the ways claimed by plaintiffs, namely either (a) by refusing to pay the expenses of an industrial hygienist or (b) by delaying and/or refusing to pay for damage to six items of personal property, with all of you agreeing on 2(a) or 2(b) or both;

3. That plaintiffs had performed their obligations under the contract; and

4. That plaintiffs were damaged as a result of defendant's breach.

If you find from your consideration of all of the evidence that any of these elements have not been proved, your verdict should be for defendant on plaintiffs' first claim. On the other hand, if you find that all of these elements have been proved, your verdict should be for plaintiffs on their first claim.

INSTRUCTION NO. 12

<u>Second Claim – Insurer's Failure to Act in Good Faith</u>

An insurer has a duty to act in good faith.   This duty requires an insurer to deal fairly with its insured.   The insurer must give equal consideration to its insured's interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk.   An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.   Unfairly discriminating against an insured because he or she is represented by a public adjuster is also a breach of the duty of good faith.   In proving that an insurer failed to act in good faith, an insured must prove that the insurer's conduct was unreasonable, frivolous, or unfounded.   The insured is not required to prove that the insurer acted dishonestly or that the insurer intended to act in bad faith.

To establish their second claim, plaintiffs must prove by a preponderance of the evidence each of the following elements:

1.      That defendant Country Mutual Insurance Company failed to act in good faith in one of the ways claimed by plaintiffs, namely (a) by refusing to pay the expenses of an industrial hygienist, (b) by delaying and/or refusing to pay for damage to six items of personal property, (c) by threatening to terminate additional living expenses, (d) by attempting to underpay or "low ball" the structure claim, (e) by discriminating against plaintiffs because they retained the

services of a public adjuster, or (f) any violation of a regulation as set forth in Instruction

No. 13A, with all of you agreeing on one or more of the ways claimed by plaintiffs;

       2.      That plaintiffs were injured; and

       3.      That defendant's failure to act in good faith was a proximate cause of plaintiff's

injury.

      If you find from your consideration of all of the evidence that any of these elements have

not been proved, your verdict should be for defendant on plaintiffs' second claim.   On the other

hand, if you find that all of these elements have been proved, your verdict should be for plaintiffs

on their second claim.

# INSTRUCTION NO. 13

## Third Claim – Violation of Consumer Protection Act

To prevail on their third claim for violation of the CPA, plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. Defendant Country Mutual Insurance Company engaged in an unfair or deceptive act or practice, or failed to act in good faith as claimed in Instruction No. 12, Paragraph 1(a)–(e);

2. The act or practice occurred in the conduct of defendant's trade or commerce;

3. The act or practice affected the public interest;

4. Plaintiffs were injured in either their business or their property; and

5. Defendant's act or practice was a proximate cause of plaintiffs' injury to business or property.

If you find from your consideration of all of the evidence that any of these elements have not been proved, your verdict should be for defendant on plaintiffs' third claim. On the other hand, if you find that all of these elements have been proved, your verdict should be for plaintiffs on their third claim.

INSTRUCTION NO. 13A

<u>Unfair or Deceptive Act</u>

An act or practice is unfair or deceptive if it had the capacity to deceive a substantial portion of the public.   Plaintiffs do not need to show that the act or practice was intended to deceive.

A single violation of any of the following regulations is also an unfair or deceptive act or practice:

1.   Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

2.   Refusing to pay claims without conducting a reasonable investigation.

3.   Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

4.   Unfairly discriminating against claimants because they are represented by a public adjuster.

5.   Failing to provide, within ten (10) working days, an appropriate reply to pertinent communications from a claimant that reasonably suggests a response is expected.

6.   Failing to complete an investigation of the claim within thirty (30) days after notification of the claim, unless the investigation could not reasonably be completed within that time.

7.   Failing to take responsibility for the accuracy of evaluations to determine actual cash value.

These regulations define the minimum standards for insurance business practices in Washington.

These regulations do not apply after September 27, 2013, because this action was commenced on that date.   However, you may still find that defendant committed an unfair or deceptive act or practice after that date in connection with this claim.

If you find that a violation of one or more of these regulations has occurred, with all of you agreeing on which one or more of the regulations were violated, then you must find that the first, second, and third elements of plaintiffs' third claim for violation of the CPA has been proved.

If you find that plaintiffs have proved that defendant failed to act in good faith as outlined in Instruction No. 12, Paragraph 1(a)–(e), with all of you agreeing on which one or more ways defendant failed to act in good faith, then you may find that the first element of plaintiffs' third claim for violation of the CPA has been proved.

INSTRUCTION NO. 13B

<u>Trade or Commerce</u>


An act or practice occurs in "trade or commerce" if the act or practice:

1.    Violates one or more of the regulations described in Instruction No. 13A; or

2.    Involves the sale of assets or services or any commerce directly or indirectly

affecting the people of the State of Washington.   The word "assets" includes anything of value.

INSTRUCTION NO. 13C

<u>Public Interest</u>

An act or practice "affects the public interest" if the act or practice:

1.     Violates one or more of the regulations described in Instruction No. 13A; or

2.     Had or has the capacity to injure persons other than plaintiffs.

INSTRUCTION NO. 13D

<u>Injury for Purposes of CPA</u>


Plaintiffs have suffered an "injury" for purposes of the CPA if plaintiffs' business or property has been injured to any degree.   Under the CPA, plaintiffs have the burden of proving that they have been injured, but no monetary amount need be proven, and proof of any injury is sufficient, even if expenses or losses caused by the violation are minimal.

Injuries to business or property may consist of financial loss or the loss of use of property causally related to the unfair or deceptive act or practice.   Injuries to business or property do not include physical injury to a person's body, or pain and suffering.

INSTRUCTION NO. 14

<u>Proximate Cause</u>


"Proximate cause" means a cause which in direct sequence, unbroken by any new

independent cause, produces the injury complained of and without which such injury would not

have happened.

There may be more than one proximate cause of an injury.

INSTRUCTION NO. 15

<u>Measure of Damages</u>

It is the duty of the Court to instruct you as to the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for plaintiffs on one or more of their claims, you must determine plaintiffs' damages. Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate plaintiffs for any injury you find was caused by defendant. It is for you to determine, based upon the evidence, what damages, if any, have been proved. Your award of damages must be based upon evidence and not upon speculation, guess, or conjecture.

1. **First Claim**

If your verdict is for plaintiffs on their first claim for breach of contract, you may award any actual damages proved by plaintiffs. For purposes of plaintiffs' contract claim, "actual damages" are those losses that were reasonably foreseeable, at the time the contract was made, as a probable result of a breach. A loss may be foreseeable as a probable result of a breach because it follows from the breach either (a) in the ordinary course of events, or (b) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know. In calculating plaintiffs' actual damages, you should determine the sum of money that will put plaintiffs in as good a position as they would have been in if both plaintiffs and defendant had performed all of their promises under the contract.

**2.** **Second Claim**

If your verdict is for plaintiffs on their second claim for failure to act in good faith, you may award actual damages proximately caused by the bad faith.   In addition, with respect to plaintiffs' second claim for failure to act in good faith, you may consider any emotional distress experienced by Karen Kroneman to the present time and, with reasonable probability, to be experienced in the future, as a proximate result of defendant's conduct.   The law has not furnished us with any fixed standards by which to measure emotional distress, and you must be governed by your own judgment, by the evidence in the case, and by these instructions.

**3.** **Third Claim**

If your verdict is for plaintiffs on their third claim for violation of the CPA, you may award <u>only</u> actual damages proximately caused by the violation of the CPA.   For purposes of both the second and third claims, "actual damages" may include any expenses incurred.

INSTRUCTION NO. 15A

<u>Duplication of Damages</u>


Plaintiffs seek recovery against defendant on more than one claim. If you find that plaintiffs are entitled to recover, you should indicate each measure of damages. Your separate award of damages could result in a duplication of damages. You should not concern yourselves with this issue. The Court will correct for any duplication of damages you might award so that plaintiffs under no circumstances would collect a double recovery.

INSTRUCTION NO. 16

<u>Deliberation</u>

Upon retiring to the jury room for your deliberation of this case, your first duty is to select a presiding juror to act as chairperson.   It is his or her duty to see that discussion is carried on in a sensible and orderly fashion, that the issues submitted for your decision are fully and fairly discussed, and that every juror has a chance to express himself or herself and participate in the deliberations upon each question before the jury.

You will be furnished with all the exhibits, these instructions and a suitable form of verdict.

All of you must agree upon a verdict.   When you have so agreed, fill in the proper form of verdict to express the results of your determination.   The presiding juror will sign and date it and announce your agreement to the clerk who will conduct you into court to declare your verdict.

INSTRUCTION NO. 17

<u>Reaching Agreement</u>

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.   But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.   Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these Instructions.

INSTRUCTION NO. 18

<u>Communication with Court</u>


     If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.   Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

     If you send a note to me, there will be some delay in my response because I will discuss the note with the lawyers before preparing a response.

INSTRUCTION NO. 19

<u>Verdict</u>

After you have reached unanimous agreement on a verdict, your presiding juror will fill in, date, and sign the verdict form and advise the court that you have reached a verdict.